# State Farm Mut. Automobile Ins. Co. v. Kegley et al.

Nov. 4, 1942.

H. R. Wilhoit for appellant.

Thomas D. Theobald, Jr., for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is an appeal from a judgment in the amount of $500 against the State Farm Mutual Automobile Insurance Company in favor of H. A. Kegley and E. R. McGuire. The policy was issued on a 1935 International one and one-half ton truck for a period beginning the 4th day of April, 1940, and ending the 4th day of October of that year. The amount of the coverage was $750. The truck was practically destroyed by fire on July 20th. The policy shows that Kegley was the sole owner of the truck, subject to a lien in favor of the Grayson Motor Truck Company in the sum of $715.44. McGuire conducts an automobile and truck business under the name of Grayson Motor Truck Company. Among other things, Kegley alleged in his original petition that he was the sole owner of the truck, subject to a lien thereon in favor of the Grayson Motor Truck Company in the sum of $715.44 as shown in the policy. McGuire came into the case by way of an amended petition.

We are asked to reverse the judgment on the grounds that (1) McGuire failed to show any right of recovery; (2) the policy was voided by Kegley's failure to garage the truck and by his fraudulent representations as to where the truck was usually kept; (3) the jury disregarded the instructions given by the trial court; (4) the trial court erroneously instructed the jury; (5) the verdict is flagrantly against the evidence and grossly excessive; and (6) counsel for appellees was permitted to make inflammatory and highly improper arguments to the jury.

It is insisted that McGuire showed no right of recovery because there was neither allegation nor proof that there was any amount owing him on the truck at the time the action was commenced, or that he had ever held a mortgage on the truck. We do not so interpret the pleadings and the proof. As indicated above, the original petition showed that Kegley asserted that he was the sole owner of the truck, subject to a lien there-

on in favor of the Grayson Motor Truck Company in the sum of $715.44, as shown in the policy. The contract of sale showed the same. It is absurd to contend that such a situation would be set forth in Kegley's petition if he owed nothing on the truck. The evidence supports the contention that there was still owing Mc-Guire, at the time of the trial, the sum of $715.44. There is no basis for the contention that the Insurance Company is prejudiced by the judgment in favor of both Kegley and McGuire, because Kegley is bound by his declarations, as well as his pleadings, to the effect that he still owes McGuire $715.44.

The basis of the second ground for reversal is the following provision in the policy:

"Name of Insured, H. A. Kegley; Address: R. R. 1, Town or Post Office, Morehead, County, Rowan, State, Kentucky. The automobile will be principally garaged and used in the above town, county and state unless otherwise specified herein. The occupation of the insured is Operates Saw Mill."

It developed that Kegley lived about 10 miles from Morehead. He did not garage the truck, but left it in the yard of his home. Cases from foreign jurisdictions are cited in support of the contention that, where a policy provides that an automobile be principally garaged in a certain place, the failure on the part of the insured to garage it at all, or at a different place, will void the policy. We deem it unnecessary to enter upon a discussion of this proposition, because we think there was no showing of fraudulent representation on the part of Kegley. The agent who took his application knew that Kegley lived out in the country, because he gave his address as living on a rural route; and, furthermore, he said that his occupation was operating a saw mill. In effect, he said that he lived in the country and operated a saw mill. The agent knew also that he would use the truck in connection with his saw log business out in the country and not in Morehead, and that there would be little, if any, likelihood that he would garage the truck in Morehead. Furthermore, the truck burned while in operation during the afternoon and not while parked near Kegley's home at night, so the place of garaging had nothing to do with the fire. When the insurance contract is viewed in the light of the foregoing circumstances, it can be seen

readily that there is no basis for contending that the policy was voided. Even if it be conceded that Kegley made a misrepresentation as to where he lived and where the truck would be used, it would have been necessary that the misrepresentations be material before the policy could be voided. Pacific Mutual Life Ins. Co. v. Arnold, 262 Ky. 267, 90 S. W. (2d) 44.

It is contended that the jury disregarded the instructions given by the trial court. The principal basis for this contention seems to be that the appellant feels that the jury should have found for it under an instruction relating to the replacement of the truck. The policy contained a provision under which the Company could either repair or replace any part or all of the property upon which loss was claimed, or to pay the insured in money the full amount of the loss as determined. It is contended that, since Kegley purchased other trucks after the truck was burned, the Company was given no opportunity to replace it. When Kegley, McGuire, the agent who wrote the policy, and an adjuster met in Morehead for the purpose of discussing the loss, an effort was made to settle the claim. The testimony for the Company is that the adjuster offered to deliver to Kegley another International truck of the same size and model, with a rebuilt motor and new finish. While the parties were together the adjuster obtained a sales sheet of the Cincinnati Division of the International Harvester Company which listed a similar truck at $345. The Company's proof is that the adjuster offered to obtain this truck for Kegley or give him $395 in cash, the difference being accounted for by virtue of the cost of delivery, license and taxes. Kegley's story is that he was offered the sum of $395, but there was no offer to replace the truck with one of equal value. Regardless of whether the Company was entitled to the instruction, the jury did not follow it. If this provision of the policy gave the Company the right to replace the truck by obtaining another one for Kegley instead of paying the loss in money, certainly it would be necessary that it be shown conclusively that the replacement vehicle be of the same type and kind, and in the same condition as the one which was destroyed. The condition of the body, the frame, the tires and the entire mechanism would certainly have to be in as good a state of repair as was the insured truck at the time of the loss. There is nothing in this

record to show that the truck listed on the aforementioned sales sheet met this test. This answers also the Company's contention that the amount of recovery should have been the difference between the cash value of the truck immediately before and after the fire, or the cost of replacing it, whichever of the two should be less. The instruction as to the amount of recovery given by the trial court did not include anything about replacing the truck. As we have indicated, the proof as to the alleged offer of replacement did not warrant such an instruction.

The Company offered this instruction:

"C. If the jury finds for the plaintiff, it shall not find for them any greater amount than the difference between the actual cash value of the motor truck mentioned in evidence immediately before and immediately after the fire complained of, nor any greater amount than the cost of replacing said motor truck less the value of the truck after the fire, whichever of the two is the less.

The second instruction given by the trial court follows:

"If the jury find for the plaintiff, it will award them such a sum in damages as will fairly and reasonably compensate them for the difference, if any, in the actual cash value of the motor truck immediately before and immediately after its damage by fire mentioned in the evidence."

We have heretofore referred to the part of Instruction "C" relating to replacing the truck. Under the policy the Company was entitled to the salvage value of the burned truck. Instruction "C" brought to the attention of the court the salvage question, but the instruction given made no reference to salvage value. While it may be conceded that both Instruction "C" and Instruction 2 presupposed that the burned truck would remain in Kegley's possession, still the Company did bring that question before the court. However, counsel for both sides seem to have interpreted the instruction given as meaning that the old truck was to go to the Company, because both counsel referred to the salvage and the plaintiffs' counsel said on several occasions that the salvage of the old truck was to go to the Company. Notwithstanding all this, nine members of the jury returned the following verdict: "We, the jury, agree and find for

the plaintiff in the sum of $500.00, and the Old Truck.'' Though the judgment awarded Kegley and McGuire $500, the effect of it was to leave with Kegley the old truck. We have reluctantly reached the conclusion that the judgment must be reversed because of the failure of the jury to follow the court's instruction. The jury was not authorized under Instruction 2 to give the old truck to Kegley. Stanley's Instructions to Juries, Section 35, p. 51. If there should be another trial of this case the instructions should set out that the salvage goes to the Company.

We have noted that only nine of the jurors signed the verdict. This was proper, but the trial court failed to instruct the jury that nine or more of them could find a verdict. An appropriate instruction on this point should have been given.

We find the contention that the verdict is flagrantly against the evidence and excessive without merit. There was conflicting proof as to the value of the truck at the time it was destroyed, but there was ample evidence to support the judgment of $500 in favor of the plaintiffs.

We deem it unnecessary to enter upon a discussion of the alleged improper arguments of counsel for Kegley and McGuire since, upon another trial, if there be one, counsel will, in all probability, couch such arguments as are warranted by the proof in more appropriate language.

Judgment reversed with directions to set it aside and for proceedings consistent with this opinion.